**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-7969

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PEARLIE INGRAM,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (3:06-cr-00309-CMC-1; 3:12-cv-02713-CMC)

Submitted:  April 12, 2013          Decided:  May 2, 2013

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Pearlie Lee Ingram, Appellant Pro Se.  Dean A. Eichelberger,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pearlie Ingram seeks to appeal the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2012) motion as unauthorized and successive. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Ingram has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Ingram's notice of appeal requests permission from this court to file a second or successive § 2255 motion. In order to obtain such authorization, a prisoner must assert

2

claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h).

Ingram's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion. In addition, we deny Ingram leave to proceed in forma pauperis and his motions to supplement the brief and to exceed page limitations.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED